**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TERRANCE LAVERNE HUNTER, <br><br> Defendant - Appellant. | No. 25-1650 <br><br> D.C. No. 4:24-cr-00320-HSG-1 <br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TERRANCE LAVERNE HUNTER, <br><br> Defendant - Appellant. | No. 25-2869 <br><br> D.C. No. 4:04-cr-40179-HSG-3 |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted August 11, 2026[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Terrance Laverne Hunter and a friend attempted to leave a Nordstrom Rack in San Leandro, California with a pair of shoes for which they had not paid. When a Nordstrom asset-protection officer attempted to handcuff Hunter's friend, who was in a wheelchair, Hunter began jerking the chair back and forth and trying to walk away from the officer. This continued for about 45 seconds, until Hunter let go of the wheelchair and shoved the officer. The altercation, including the shove, was recorded by the store's security cameras.

Hunter was convicted of Hobbs Act robbery and subsequently moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29. At sentencing, the district court denied Hunter's motion for acquittal and applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Hunter appeals the district court's denial of his Rule 29 motion and imposition of an obstruction-of-justice sentencing enhancement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The Hobbs Act prohibits robbery that "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). Hunter argues that the district court should have granted his Rule 29 motion because the government did not provide sufficient

evidence that the robbery affected interstate commerce.[2]  But it is well-established that the government is only required to show a "de minimis effect on interstate commerce" to satisfy the jurisdictional element of the Hobbs Act.  *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004); *see also Taylor v. United States*, 579 U.S. 301, 305 (2016) ("The language of the Hobbs Act is unmistakably broad.  It reaches any obstruction, delay, or other effect on commerce, even if small.").

At trial, the government introduced security footage of Hunter and his friend taking sneakers out of a Nike box, exiting the Nordstrom Rack, engaging in an altercation with asset-protection officers, and fleeing.  A Nordstrom security manager also testified, explaining how the theft of a product causes Nordstrom economic harm even if the product is ultimately returned, and how the robbery itself may have alienated potential customers.  This is sufficient evidence to meet the decidedly low bar of establishing impact on interstate commerce.

Hunter also challenges the robbery's impact on interstate commerce by suggesting that the shoes he stole might not be genuine Nike sneakers.  However, Hunter himself acknowledged at trial that he was arrested with a pair of Nike shoes

---

[2] We generally review denials of Rule 29 motions de novo.  *United States v. Aubrey*, 800 F.3d 1115, 1124 (9th Cir. 2015).  But the government asserts that we should review for plain error because Hunter failed to first move for acquittal at the close of the government's case-in-chief and then renew the motion following the submission of all evidence.  We need not resolve this standard-of review dispute because the district court did not err under either standard.

that had been taken from the Nordstrom Rack. We will not speculate that the shoes resembling Nike sneakers, in a Nike box, that all parties involved viewed as Nike sneakers, were inauthentic and therefore had no impact on interstate commerce.

2. Hunter also argues that the district court erred by imposing a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1 because he had no willful intent to provide false testimony. "A district court's factual findings for purposes of an obstruction of justice sentencing enhancement under U.S.S.G. § 3C1.1 are reviewed for clear error," but the district court's "characterization of a defendant's conduct as obstruction of justice within the meaning of § 3C1.1 is reviewed de novo." *United States v. Castro-Ponce*, 770 F.3d 819, 821–22 (9th Cir. 2014).

Hunter's assertion that he testified based on a "sincere but inaccurate recollection of events," is belied by his continued insistence that he did not shove the Nordstrom asset-protection officer even when he was shown security footage of him shoving her. Hunter's failure to rehabilitate his testimony when given the opportunity fatally undermines his argument that he testified based on a good faith but mistaken memory of the robbery.

3. This court only reviews issues that are "argued specifically and distinctly in a party's opening brief." *United States v. Briones*, 35 F.4th 1150, 1158 (9th Cir.

2022) (citation modified).  Hunter has, therefore, waived his challenge to the revocation of his supervised release and the resultant sentence for violation of supervised-release terms by failing to make any arguments on the topic in his opening brief.

**AFFIRMED.**